

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00258-CV

**IN RE: A PURPORTED LIEN OR CLAIM AGAINST HELVETIA ASSET RECOVERY, INC.**

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-18394
Honorable Karen H. Pozza, Judge Presiding

PER CURIAM

Sitting:  Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 20, 2014

DISMISSED FOR LACK OF JURISDICTION

Mr. Burton Kahn filed a pro se notice of appeal on behalf of Helvetia Asset Recovery, Inc. on April 16, 2014 indicating his intent to appeal an order setting aside judicial findings of fact and conclusions of law which was signed on December 11, 2013.  Having determined that the order appeared to be neither a final judgment nor an appealable interlocutory order, we ordered Mr. Kahn to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Mr. Kahn filed a response in which he claims that the December 11, 2013 order was signed outside the trial court's period of plenary power, yet offers no explanation regarding the appealability of an order setting aside findings of fact and conclusions of law.  Helvetia Asset Recovery, Inc. filed a letter in which it agreed that the December 11, 2013 order is not a final, appealable order and

that this court lacks jurisdiction over the appeal. In the letter, Helvetia also asserts that Mr. Kahn lacks authority to file an appeal on its behalf.

The appellate record confirms that the December 11, 2013 order is not a final judgment in that it does not dispose of all pending claims and parties in the underlying proceeding, and no severance order appears in the record. *See Lehmann v. HarCon Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (judgment that does not dispose of all parties and causes of action is not final and appealable). Further, no statute provides for an interlocutory appeal of an order setting aside judicial findings of fact and conclusions of law. Therefore, we must dismiss the instant appeal. *Id.* at 200. Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM